IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CATRINA RENEE JEFFERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. 16-0628-CG |
| | ) | |
| vs. | ) | CRIMINAL NO. 15-0267-CG-MU-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

This cause is before the Court on Petitioner Catrina Renee Jefferson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 68), the United States's Opposition to Vacate, Set Aside, or Correct Sentence (Doc. 70), and Petitioner's Rebuttal of United States's Motion in Opposititon (Doc. 71). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R). Following consideration of all relevant pleadings in this case, it is recommended that Jefferson's § 2255 motion be **DENIED** without an evidentiary hearing. *See, e.g., Rosin v. United States,* 786 F.3d 873, 878 (11th Cir.) ("It is well-settled that the district court is not required to grant an evidentiary hearing when the defendant's claims are affirmatively contradicted by the record evidence, nor is a hearing required if the claims are grounded upon generalizations that are unsupported by the record evidence."), *cert. denied,* 136 S. Ct. 429 (2015); *Means v. Sec'y, Dep't of Corr.,* 433 F. App'x 852, 855 (11th Cir. 2011) ("[W]here 'the record refutes [a petitioner's] factual allegations or otherwise precludes habeas relief, a district court is

not required to hold an evidentiary hearing.'") (citation omitted)), *cert. denied,* 565 U.S. 1217 (2012); *Allen v. Sec'y, Fla. Dep't of Corr.,* 611 F.3d 740, 745 (11th Cir. 2010) ("A district court is not required to hold an evidentiary hearing if the claims 'are merely conclusory allegations unsupported by specifics,' . . . or 'if the record refutes the applicant's factual allegations or otherwise precludes habeas relief[.]'"), *cert. denied,* 563 U.S. 976 (2011); *United States v. Bejacmar*, 217 F. App'x 919, 921 (11th Cir. 2007) ("[I]f the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous, a district court is not required to hold an evidentiary hearing.").

## **FINDINGS OF FACT**

On November 24, 2015, Petitioner Catrina Renee Jefferson and Deborah Tyson Jefferson were charged in a federal indictment as a result of their participation in a BP fraud scheme with one count of conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. § 1349 (count one), five counts of wire fraud, in violation of 18 U.S.C. § 1343 (counts two through six), three counts of mail fraud, in violation of 18 U.S.C. § 341 (counts seven through nine), and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 956(h) (count thirteen). (Doc. 1). Catrina Jefferson (hereinafter "Jefferson") was individually charged with three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A (counts ten through twelve), and two counts of money laundering, in violation of 18 U.S.C. § 1957 (counts fifteen though sixteen). (*Id.*). Deborah Jefferson was individually charged with two counts of money laundering. (*Id.*). Both defendants made an initial appearance and were arraigned on December 9, 2015. (*See* docket sheet entry*).* A federal public defender was initially

2

appointed to represent Jefferson, but was replaced by retained counsel prior to her guilty plea. (Docs. 9, 37). On January 13, 2016, the United States filed a motion to dismiss all counts as to Defendant Deborah Jefferson, and the motion was granted and the indictment dismissed by the Court on January 14, 2016. (Docs. 29, 31).

On or about May 10, 2016, Jefferson notified the Court of her intent to plead guilty to count one of the indictment. (Doc. 54). Jefferson and her attorney signed and filed a plea agreement on May 17, 2016. (Doc. 55). In the written plea agreement that she signed, Jefferson acknowledged that she had the benefit of legal counsel in negotiating her plea, that she had discussed the facts of the case with her attorney, that her attorney had explained the essential legal elements of the criminal charges that had been brought against her, and that her attorney had explained his understanding of the Government's evidence and the law as it related to the facts of her case. (*Id*. at p. 2). She further agreed that she understood that the United States had the burden of proving each of the legal elements of the criminal charge beyond a reasonable doubt, that she and her attorney had discussed possible defenses to the charge, that she believed that her attorney had represented her faithfully, skillfully, and diligently, and that she was completely satisfied with the legal advice of her attorney. (*Id*.). She agreed in the plea agreement that the Factual Resume, which was incorporated into the plea agreement, was true, correct, and accurate in every respect. (*Id*. at pp. 3, 9). The written plea agreement also provided that the plea of guilty was freely and voluntarily made, was not the result of force, threats, promises, or representations, apart from those representations set forth in the plea agreement, and that Jefferson was pleading guilty because she was guilty. (*Id*. at p. 3). Jefferson agreed that she would not challenge her

3

guilty plea, conviction, or sentence in any district court or appellate court proceedings, except she reserved the right to challenge her sentence on specific grounds and the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion. (*Id.* at p. 7).

The Factual Resume, which was also signed by Jefferson, stated that she admitted the allegations of Count 1 of the Indictment and understood that, in order to prove a violation of § 1349, the Government had to prove that "two or more persons … agreed to try to accomplish a common and unlawful plan to commit wire fraud and mail fraud" and that she "knew the unlawful purpose of the plan and willfully joined in it." (*Id.* at p. 10). With regard to the specific facts against Jefferson, the Factual Resume stated:

> From around August 2010 through around May 2011, in the Southern District of Alabama, Southern Division, **CATRINA RENEE JEFFERSON** conspired with Deborah Tyson Jefferson to commit wire fraud in violation of 18 U.S.C. § 1343 and mail fraud in violation of 18 U.S.C. § 1341. **CATRINA RENEE JEFFERSON** conspired to achieve personal financial gain by defrauding BP Exploration (BP) and the Gulf Coast Claim Facility (GCCF) through the preparation and filing of false GCCF Claim Forms and supporting documentation. **CATRINA RENEE JEFFERSON** knew the unlawful purpose of the plan and willfully joined in it. **CATRINA RENEE JEFFERSON** helped operate Jefferson Tax Services, a business based in Irvington, Alabama, which was used in furtherance of the conspiracy. **CATRINA RENEE JEFFERSON** prepared and filed fraudulent GCCF Claim Forms and supporting documentation on behalf of various claimants. As part of the conspiracy, **CATRINA RENEE JEFFERSON** used the means of identification of various claimants. **CATRINA RENEE JEFFERSON** submitted false GCCF Forms and supporting documentation to the GCCF through various means, including electronically, by mail, and by fax. As part of the conspiracy, **CATRINA RENEE JEFFERSON** arranged to directly receive payments from the GCCF through various means. **CATRINA RENEE JEFFERSON** endorsed GCCF checks and deposited GCCF funds. The conspiracy resulted in a financial loss to BP of approximately $175,000.

(*Id.* at p.11). The Factual Resume also specifically stated that it did not contain each and every fact known to Jefferson or to the Government concerning her involvement in the charges. (*Id*. at p. 10).

Jefferson appeared before the Court for a guilty plea hearing, with her retained counsel, on May 19, 2016. Jefferson was placed under oath and stated that she understood that she was under oath and that, if she answered any of the Court's questions falsely, her answers could be used against her later in a prosecution for perjury or for making a false statement. (Doc. 76 at pp. 4-5). During the hearing, she testified that she received a copy of the indictment, that she fully discussed those charges and the case in general with her lawyer, that she understood the charges pending against her, and that she was fully satisfied with her counsel, his representation, and the advice given to her by her counsel. (*Id*. at pp. 7-8). At the direction of the Court, Jefferson looked at her plea agreement and the attached factual resume and testified that she signed both documents and that she had an opportunity to read and discuss the plea agreement and the factual resume with her lawyer before she signed them. (*Id*. at p. 8). Jefferson testified that she understood the elements of the crime of conspiracy to commit wire or mail fraud that the Government would have to prove to convict her. (*Id*. at pp. 16-17). Specifically, she stated that she understood she was pleading guilty to "a charge of violating Title 18, United States Code, Section 1349, which is conspiracy to commit wire or mail fraud" and that she understood that "[i]n order to convict [her] of that offense, the government would have to prove that two or more persons in some way or manner agreed to try and accomplish a common and unlawful plan as described in the indictment, to commit wire or mail fraud, and that

[she], knowing the unlawful purpose of the plan, willfully joined in it." (*Id*.). She further testified that she understood and agreed that by signing the factual resume she was agreeing that the Government could prove the facts set forth in it in support of her guilty plea. (*Id*. at p. 18). After questioning Jefferson and observing her demeanor, the Court found that she was "fully competent and capable of entering an informed plea, that [she was] aware of the nature of the charges and the consequences of the plea, that the plea[ ] of guilty [was a] knowing and voluntary plea[ ] supported by an independent basis in fact containing each of the essential elements of the offense." (*Id*. at pp. 18-19). The guilty plea was accepted and Jefferson was found guilty as charged. (*Id.* at p. 19; Doc. 57). On August 19, 2016, Jefferson was sentenced to fifteen (15) months of imprisonment, with three (3) years of supervised release. (Doc. 62).

On December 19, 2016, Jefferson filed her motion to vacate in this Court. (Doc. 68). Jefferson bases her motion to vacate on the sole allegation that her retained counsel provided ineffective assistance by failing to object to the Court's acceptance of the plea agreement. (Doc. 68 at p. 4). Specifically, Jefferson asserts that her trial attorney provided constitutionally ineffective assistance by not objecting to the acceptance of the plea because there was a lack of a factual basis to support a guilty plea for conspiracy because her "alleged co-conspirator was not indicted in this case."[1]

## **CONCLUSIONS OF LAW**

Section 2255 reads, in relevant part, as follows: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released

---

[1] Although Jefferson asserts in her motion that her co-conspirator was not indicted, the record demonstrates that she was indicted on November 24, 2015. (Doc. 1).

upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The sentence in this case was entered after a plea of guilty. "A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). This waiver includes claims of ineffective assistance of counsel that do not implicate the decision to plead guilty. *Id.; see also Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (holding that the defendant's "guilty plea was voluntary and knowingly made" and, therefore, he could not "attack the ineffectiveness of his counsel in any respects other than as the alleged ineffectiveness bears upon counsel's faulty advice that coerced a guilty plea").

As indicated above, Jefferson's sole claim is that constitutionally ineffective assistance of counsel during her guilty plea hearing entitles her to the relief afforded by 28 U.S.C. § 2255. To establish a claim of ineffective assistance of counsel, a petitioner is required to show (1) that her attorney's representation fell below "an objective standard of reasonableness" and (2) that a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Jones v. United States,* 478 F. App'x 536, 539-540 (11th Cir. 2011) ("To make a successful claim of ineffective assistance of counsel, a defendant must show that: (1) his counsel's

7

performance was deficient; and (2) the deficient performance prejudiced his defense.").[2] "The burden of persuasion is on a section 2255 petitioner to prove, by a preponderance of the competent evidence, both that counsel's performance was unreasonable, and that she was prejudiced by that performance." *Demar v. United States,* 228 F. App'x 940, 950 (11th Cir. 2007) (quotation marks, brackets and citations omitted); *see also Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001) ("The petitioner bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a *Strickland* claim, and both prongs must be proved to prevail."), *cert. denied sub nom. Johnson v. Nagle*, 535 U.S. 926 (2002).[3]

> The performance prong of the ineffective assistance standard entails a deferential review of counsel's conduct. In assessing the reasonableness of counsel's performance, courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[4] Thus, the Sixth Amendment does not require criminal defense attorneys to take a nothing to lose approach and raise every available nonfrivolous defense.
>
> With respect to prejudice, courts ask whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Means v. Sec'y, Dep't of Corr.,* 433 F. App'x 852, 855 (11th Cir. 2011)(internal quotation marks and citations omitted; footnote added); *see also Pair v. Cummins,* 373 F. App'x

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[3] It is proper in considering claims made by a federal prisoner under § 2255 to look for guidance from cases discussing claims raised by state prisoners under 28 U.S.C. § 2254. *See Hagins v. United States,* 267 F.3d 1202, 1205 (11th Cir. 2001) (citing *Holladay v. Haley*, 209 F.3d 1243 (11th Cir. 2000)), *cert. denied*, 537 U.S. 1022 (2002).

[4] In order to satisfy the first prong, "the petitioner must establish that no competent counsel would have taken the action that his counsel did take[.]" *Hall v. Thomas,* 611 F.3d 1259, 1290 (11th Cir. 2010) (quotation marks and citation omitted).

979, 981(11th Cir. 2010) ("The performance prong of an ineffective assistance claim requires the petitioner to show that, considering all the circumstances, his attorney's representation fell below an objective standard of reasonableness."). "Moreover, judicial review of an attorney's performance is highly deferential, and the court must eliminate the distorting effects of hindsight and evaluate performance from the attorney's perspective at the time the challenged conduct occurred." *Pair*, 373 F. App'x at 982. "The court must indulge a strong presumption that the attorney's conduct was objectively reasonable." *Id*.

The *Strickland* standard for evaluating claims of ineffective assistance of counsel was held applicable to guilty pleas in *Hill v. Lockhart,* 474 U.S. 52, 58 (1985). The Eleventh Circuit has held that "'counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, as in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial.'" *Carter v. United States,* 288 F. App'x 648, 649 (11th Cir. 2008) (quoting *Wofford v. Wainwright,* 748 F.2d 1505, 1508 (11th Cir. 1984)). With regard to the prejudice prong, the *Hill* Court, recognizing the fundamental interest in the finality of guilty pleas identified in *United States v. Timmreck*, 441 U.S. 780, 784 (1979), held that "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. at 58-59.

Given the two-prong nature of the test for adjudicating ineffective-assistance-of-counsel claims, "the cases in which habeas petitioners can properly prevail on the

9

ground of ineffective assistance of counsel are few and far between." *Johnson,* 256 F.3d at 1176 (citation omitted); *see also Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc) ("Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." (citations omitted)), *cert. denied,* 531 U.S. 1204 (2001). When applying the *Strickland* standard, it is clear that courts "are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998) (citation omitted), *cert. denied*, 527 U.S. 1008 (1999); *see also Adamson v. United States,* 288 F. App'x 591, 594 (11th Cir. 2008) ("The defendant must satisfy both prongs of this test to show a Sixth Amendment violation; if the defendant fails to demonstrate one of these prongs sufficiently, we do not need to address the other."), *cert. denied,* 555 U.S. 1010 (2008); *Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[O]nce a court decides that one of the requisite showings has not been made it need not decide whether the other one has been.").

Jefferson claims in her § 2255 petition that her attorney's failure to object to the Court's acceptance of the guilty plea constituted constitutionally deficient performance because there was a lack of a factual basis to support a guilty plea for conspiracy because her "alleged co-conspirator was not indicted in this case." Jefferson's argument in this regard is factually incorrect. Contrary to Jefferson's allegation, her co-conspirator was indicted. (Doc. 1). In her rebuttal to the Government's response in opposition to her motion to vacate, Jefferson changed her position, arguing instead that the failure to object to the plea was deficient because the factual resume did not "establish [that] Deborah Jefferson, [her alleged co-conspirator], …had conspired to

commit wire and mail fraud with [her]." (Doc. 71 at p. 3). Her argument fails for several reasons. First, contrary to her argument, the factual resume specifically stated that "[f]rom around August 2010 through around May 2011, in the Southern District of Alabama, Southern Division, **CATRINA RENEE JEFFERSON *conspired with Deborah Tyson Jefferson*** to commit wire fraud in violation of 18 U.S.C. § 1343 and mail fraud in violation of 18 U.S.C. § 1341." (Doc. 55 at p.11). Second, in her signed plea agreement, she agreed that the Factual Resume, which was incorporated into the plea agreement, was true, correct, and accurate in every respect. (*Id*. at pp. 3, 9). In addition, during her guilty plea hearing, she testified that she understood the elements of the crime of conspiracy to commit wire or mail fraud that the Government would have to prove to convict her, and specifically stated that she understood she was pleading guilty to "a charge of violating Title 18, United States Code, Section 1349, which is conspiracy to commit wire or mail fraud" and that she understood that "[i]n order to convict [her] of that offense the government would have to prove that two or more persons in some way or manner agreed to try and accomplish a common and unlawful plan as described in the indictment, to commit wire or mail fraud, and that [she], knowing the unlawful purpose of the plan, willfully joined in it." (Doc. 76 at pp. 16-17). She further testified that she understood and agreed that by signing the factual resume she was agreeing that the Government could prove the facts set forth in it in support of her guilty plea. (*Id*. at p. 18). Her counsel cannot be deemed deficient for failing to object to facts that she agreed were true. *See Lynch v. United States,* No. 16-16243-C, 2017 WL 4570524, at *7 (11th Cir. June 26, 2017).

"Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The foregoing review of the proceedings demonstrates that Jefferson was fully informed of the nature of the charges against her and the consequences of a guilty plea to the conspiracy charge and that she voluntarily pled guilty to the conspiracy charge. She cannot now claim that her attorney was ineffective for failing to challenge the sufficiency of evidence in support of a charge to which she willingly and openly pled guilty in exchange for favorable treatment by the Government.[5] "[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance" of counsel. *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994). Based on the foregoing, the undersigned recommends that Jefferson's §2255 motion be denied.

## **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit

---

[5] As noted above, Jefferson was originally indicted for one count of conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. § 1349 (count one), five counts of wire fraud, in violation of 18 U.S.C. § 1343 (counts two through six), three counts of mail fraud, in violation of 18 U.S.C. § 341 (counts seven through nine), three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A (counts ten through twelve), one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 956(h) (count thirteen) and two counts of money laundering, in violation of 18 U.S.C. § 1957 (counts fifteen though sixteen). (Doc. 1). In exchange for her plea of guilty to count one, the other charges were dismissed by the Government. (Doc. 62 at p.1).

justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). The instant habeas petition is being denied on the merits of the alleged constitutional claim, such that a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). In this case, a reasonable jurist could not conclude that this Court is in error for denying Jefferson's motion to vacate, nor could a reasonable jurist conclude that Jefferson should be allowed to proceed further with respect to her constitutional claim. Accordingly, Jefferson is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-00165-WS-C, Doc. 14 (order from Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla.

13

Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## CONCLUSION

The undersigned Magistrate Judge **RECOMMENDS** that Jefferson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 68) be **DENIED** for the reasons stated above. Jefferson is not entitled to a certificate of appealability and, therefore, she is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not

specific.

**DONE** this the **16th** day of **October, 2018**.

                                    s/P. BRADLEY MURRAY  
                                    **UNITED STATES MAGISTRATE JUDGE**